## W. T. Rawleigh Co. *v.* Turner *et al.*

(Division B.   Feb. 24, 1936.)

[166 So. 344.   No. 32093.]

**J. E. Alderman,** of Leakesville, for appellant.

42

Jesse M. Byrd, of Leakesville, for appellees.

Ethridge, P. J., delivered the opinion of the court.

Appellant, a foreign corporation, brought suit against appellees, S. D. Turner and others, on a contract by which appellant agreed to sell to S. D. Turner certain goods, wares, and merchandise which he was to sell and pay for on a given date, or at stated periods. The contract was signed by S. D. Turner, with J. F. Turner and T. K. Turner as sureties thereon. The declaration contained an itemized, duly sworn to account, setting forth the merchandise, with credits thereon item by item and date by date.

The appellee pleaded the general issue, but did not file an affidavit denying the items sued on, and did not file any special plea or notice under the plea of the general issue, giving notice of any affirmative defense.

The case proceeded to trial, and S. D. Turner testified that, on a given date, he returned a box containing articles sufficient to balance his account, but he did not file an itemized statement of the goods shipped back to the plaintiff. This testimony was received, over objections on the ground that no notice had been given either under the plea of the general issue or by special plea, and that the items of account had not been denied under oath, and the court rendered a judgment in favor of the appellees, defendants in the court below.

By section 1591, Code of 1930, it is provided that: "A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; but this shall not apply to accounts against decedents and suits against executors or administrators."

We are of the opinion that it was error to admit the testimony of the appellee as to the return of the goods, because he had not denied the correctness of the account, nor given any notice, by special plea, or under the plea of general issue, of his defense. The objection to the testimony should have been sustained. The appellant was entitled to have the information contained in the denial, under the statute, specifically pointed out so that he could have prepared for trial. If the appellee intended to show what he testified to, he should have denied the account, pointing out its incorrectness, with

credits, and should have given notice thereof under his plea of general issue, or in his special plea.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

Reversed and remanded.